## TROTTER v. PRENTICE.

Patent Appeal No. 2308.

Court of Customs and Patent Appeals.

Dec. 1, 1930.

Duell, Dunn & Anderson, of New York City (H. S. Duell and J. W. Anderson, both of New York City, of counsel), for appellant.

Roberts, Cushman & Woodberry, of Boston, Mass. (Robert Cushman and Herman T. Gammons, both of Boston, Mass., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an interference proceeding between the appellant, Arthur H. Trotter, who is the junior party, and the appellee, George E. Prentice, the senior party. The issue of the interference is appellant's claim 2, as originally filed in the Patent Office, and which, on suggestion, was subsequently added by Prentice to his application.

A former interference proceeding, No. 53,246, was declared by the Patent Office between the appellant, the appellee, and one Sundback. In this proceeding the appellant moved to dissolve the interference on the grounds that the appellee had no right to make the count in question here. The motion was denied by the law examiner. Thereafter, the original interference was re-formed by the Patent Office, and the present interference declared, with the original count 3 as the issue. In this proceeding the motion to dissolve was the issue, and in the course of the proceedings the Patent Office awarded priority in favor of appellee, from which decision the appellant has brought the matter to this court.

The count in issue is as follows:

"In a device of the character described, in combination, a fastener member having transverse teeth resiliently connected in a series longitudinally of said member and a co-operative fastener member having a series of teeth, the teeth of said cooperative member adapted to be received between and held by the teeth of the other fastener member when the fastener is closed, and means adapted to

hold said members in such relation to each other that fastening pressure progressively applied longitudinally of said series is adapted to cause the teeth of one member to engage between the teeth of the other member with resilient gripping effect longitudinally of said members."

No evidence was offered by either party to the interference.

The alleged invention in question here is a fastener device intended to be used on overshoes, tobacco pouches, etc., which have openings in the form of slits which it is desired to close. The Trotter application discloses a coiled spring threaded through the material along one of the margins of the slit to be closed. A like spring, wound in the opposite direction, is attached in a similar manner to the material on the opposite side of the slit. The individual turns of each spring are spaced sufficiently to receive those of the other in interlocking relation, the diameter of the wire in Trotter's application being shown to be slightly in excess of the width of the space between the adjacent coils of the springs in question.

This device is primarily intended to be operated with a slide. Each one of the springs in question is carried through an opening in the slide, while the bottom and back portion of the slide holds the springs in contact with each other. As the slide is moved upward, the upper portions of these springs are bent outward by the slide, while the lower portion of the slide forces the coils of the springs into the openings between the coils of the opposing spring. The device of Trotter can also be operated, as shown by him in his drawings, without a slide, by simply pressing the springs together with the hand.

The application of Prentice shows similar springs, similarly attached to the margins of the opening to be closed, and is figured in several different forms. Figure 1 discloses springs similar to those shown by Trotter. Figures 5 and 7 disclose springs, the engaging surfaces of one spring being bent downward so that when the springs are engaged they are held together by a series of small projections or hooks. The Prentice application discloses that the device is to be operated with a slide. The Prentice application differs from the Trotter disclosure, in this, that the diameter of the wire used in the Prentice springs is shown to not exceed the width of the spaces between the coils of the opposing spring. Appellant contends that in the respect last above noted, the claim in issue here will not read upon appellee's disclosure, because he argues that the construction of the Prentice springs is not "adapted to cause the teeth of one member to engage between the teeth of the other member with resilient gripping effect longitudinally of said members." He argues, in this connection, that his wire, being of a greater diameter than the spaces between the opposing coil, will cause, when the springs are engaged, the coils of the springs to be pressed apart, and thus a gripping effect will be produced. He argues that no such effect will be produced by the Prentice disclosure. On this point the tribunals below have held against appellant, and, we believe, rightly so.

When the springs in the Prentice application are pressed together, considering now alone the springs which are shown to be without shoulders or hooks, it is quite apparent, as stated by the Board of Appeals, that these springs being not merely curved in a single plane, but along the helix, must have a gripping engagement. If they do have such a gripping engagement, and of this we can have little doubt, it is as a result of friction between the superimposed coils, and is of a resilient character and is longitudinally applied. It is impossible to conceive of two springs such as these, the coils of which are forced between each other, not having a frictional contact due to the resilient character of the springs. In the case before us it is quite obvious that if there is no such resilient effect in the Prentice device, then the device will not operate at all and will not close an opening.

Whether the variations of the Prentice device, shown in figures 5 and 7, will read upon the claim in issue, is not important. The disclosure as shown by the application, and by figure 1, will so read.

The decision of the Board of Appeals is affirmed.

Affirmed.